IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID LYNCH, | * | |
| Petitioner, | * | Civil Action No. RDB-13-0047 |
| v. | * | Criminal Action No. RDB-11-0116 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On September 22, 2012, Petitioner David Lynch ("Petitioner") pled guilty to (1) conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C § 846 and (2) conspiracy to launder money in violation of 18 U.S.C § 1956(h). This Court sentenced Petitioner to a one-hundred and twenty (120) month term of imprisonment. On January 3, 2013, Petitioner filed a *pro se* Motion for Enlargement of Time to File (ECF No. 199) in order to pursue a claim of ineffective assistance to counsel in violation of his Sixth Amendment rights. This Court issued an order (ECF No. 200) granting the motion and ordering Petitioner to file an Amended Motion to Vacate and the Government to file a response to Petitioner's motion. On March 13, 2013, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 204) pursuant to 28 U.S.C. § 2255. The Court has reviewed Petitioner's Motion and the Government's opposition thereto (ECF No. 207) and finds no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Petitioner David Lynch's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 204) pursuant to 28 U.S.C. § 2255 is DENIED.

1

## BACKGROUND

In April 2008, Petitioner joined an already operating conspiracy to distribute controlled substances, specifically cocaine and marijuana, in Western Maryland.  *See* H'rg Tr., Jan. 4, 2012, ECF No. 197.  The conspirators ordered the controlled substances from Texas, had them shipped to Maryland, and then sold the substances throughout Maryland.  Plea Agreement., Attach. A, ECF No. 117.  The conspirators then placed the profits from the sales into bank accounts in Maryland and New Jersey, and this money was withdrawn in Texas. *Id.* One of the bank accounts was in Petitioner's name. *Id.*  During the time of Petitioner's participation in the conspiracy, at least $500,000 was deposited and withdrawn from the bank accounts, and the conspirators moved at least $170,170 through the bank account in Petitioner's name. *Id.*  Petitioner admitted in the Plea Agreement that during his involvement in the conspiracy it was foreseeable that between five and fifteen kilograms of cocaine and 1,000 to 3,000 kilograms of marijuana would be distributed and possessed with intent to distribute. *Id.*

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack."  28 U.S.C. § 2255.  "[A]n error of law does not provide a basis for collateral attack unless the

claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first prong, the "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second prong, the "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden of proving prejudice placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986). Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'" *United States v.*

3

*Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)). Furthermore, when a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater. In *Hooper v. Garraghty*, the Fourth Circuit explained: "Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d 471, 75 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

Petitioner raises three issues in support of his Motion to Vacate, Set Aside, or Correct Sentence: (1) Petitioner cannot be guilty of the conspiracy charges to which he pled because he entered the conspiracy late and performed no overt acts until 2009; (2) Petitioner cannot be guilty of the drug quantities to which he pled because there was insufficient evidence; and (3) Defense Counsel was ineffective for failing to pursue alternative plea deals based on the first two assertions.

With respect to the claim of ineffective assistance of counsel, Petitioner has failed to satisfy either of the prongs laid out in the *Strickland* test. Addressing the "performance" prong, the Court assumes a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-89. Based on Counsel's advocacy, Count III of the original indictment alleging that Petitioner knowingly, intentionally, and unlawfully possessed cocaine with the intent to distribute was dismissed. In addition, for the Count I and Count V charges, Counsel's efforts resulted in Petitioner

4

receiving the lowest possible imprisonment sentencing of the statutory mandatory minimum rather than an increased sentence.

Moreover, in cases where the defendant has entered into a plea agreement, the burden to prove ineffective counsel is increased. In *Ford v. United States*, this Court noted the "strong presumption that [a] plea is final and binding when an appropriate Rule 11 of the Federal Rules of Criminal Procedure guilty plea colloquy is conducted." *Ford v. United States*, No. RDB-12-2848, 2013 U.S. Dist. WL 3155447, at *4 (D. Md. June 19, 2013) (citing *United States v. Lambey*, 974 F. 2d 1389, 1394 (4th Cir. 1992)). The defendant who has entered a guilty plea "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper*, 845 F.2d at 475 (quoting *Lockhart*, 474 U.S. at 59). Thus, Petitioner must overcome a high bar in order to succeed on his 28 U.S.C. § 2255 claim. Petitioner represented to this Court that he had fully discussed the charges, the evidence against him, and the possibility of trial and appeal with Counsel. *See* Hr'g Tr., Sept. 22, 2011, ECF No. 203. He acknowledged reading the plea agreement, going over the terms with Counsel, and deciding the agreement was fully acceptable. *Id.* Petitioner testified that he was wholly satisfied with the assistance Counsel provided.[1] Because Petitioner provides no indication that Counsel's actions were outside the "wide range of reasonable professional assistance," Petitioner's claim does not overcome the strong presumption that his plea agreement is final and binding. *Ford*, 2013 WL 3155447, at *4. Thus, his claim fails on the performance prong of the *Strickland* test. 466 U.S. at 688-89

---

[1] When this Court asked "[A]re you fully satisfied with your attorney . . . and his representation and the advice which he's given you?", Petitioner responded "Yes, Your Honor . . . I feel that he has adequately gone over all the documentation and all of the facts and the substantial evidence concerning my case, so I feel he's done an adequate job with that." Hr'g Tr., Sept. 22, 2011, ECF No. 203. And when asked "Is there anything you've asked [Counsel] to do which he's not done?", Petitioner responded "No." *Id.*

Despite the fact that Petitioner cannot prove any deficiency by his Counsel, his claim also shows no prejudice.  Petitioner states that his counsel was ineffective because Counsel failed to seek a different plea agreement.  The Fourth Circuit has determined that if a defendant would have still pled guilty to a different plea with another counsel, the defendant has not shown adequate prejudice.  *Fields v. Attorney Gen.* 956 F. 2d 1290, 1297 (4th Cir. 1992) ("[T]he crux of Fields' case is that with effective assistance he would have pled to a different plea bargain and received a more favorable sentence. Manifestly, therefore, Fields cannot make the showing of prejudice required under *Hooper* and *Strickland*.").  The issues that Petitioner claims his counsel should have raised do not show a "'reasonable probability'" that Petitioner would have gone to trial and cannot, therefore, qualify as prejudice. *Hooper*, 845 F.2d at 475 (quoting *Lockhart*, 474 U.S. at 59).  Petitioner cannot adequately show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*  Petitioner's claim for ineffective assistance of counsel fails to satisfy either prong of the *Strickland* test.

Petitioner's other arguments in support of his § 2255 Motion appear to assert substantive legal challenges to Count I (arguing that there is no basis in law for the count), rather than due process challenges (that his counsel provided ineffective assistance).  There is simply no basis to challenge the legal sufficiency of the charge, insofar as the facts to which he admitted establish a conspiracy on their face.  Even assuming that Petitioner could assert that the substance of the conspiracy charge was improper based on his two contentions, he cannot convert that legal claim into one alleging ineffective assistance of counsel under § 2255.  Section 2255 provides a basis for collateral attack of a conviction not

an avenue for substantive legal challenge as Petitioner alleges here. *See United States v. Nealy,* 840 F. 2d 11, 3-4 (4th Cir. 1988) ("Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them."); *see also Holloway v. United States*, RDB-11-0804, 2012 WL 4718060 (D. Md. Oct. 2, 2012).

Even if Petitioner's substantive legal challenges are considered on the merits they have no effect on the outcome of this case. Petitioner's bald assertions that he did not join the conspiracy until 2008, that there was no proof of overt acts until 2009, and that there is not sufficient evidence to establish the drug quantities attributed to him are insufficient to satisfy Petitoner's burden as a matter of law.

Petitioner freely admits in his own Motion to Vacate that he joined the conspiracy in April of 2008. His contention is that because he performed no overt acts as part of the conspiracy until 2009, he cannot be guilty of conspiracy during that time and he should have received a different plea agreement. In *Pinkerton,* the Court determined that once a conspiracy is formed, "so long as the partnership in crime continues, the partners act for each other in carrying it forward . . .[and] 'an overt act of one partner may be the act of all.'" *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946) (quoting *United States v. Kissel*, 218 U.S. 601, 608 (1910)). Petitioner is liable for both his overt actions in the conspiracy and those of his co-conspirators so long as those actions were "in furtherence" of or were a foreseeable part of the conspiracy. *Pinkerton*, 328 U.S. at 647-48. Therefore, Petitioner's overt acts are not necessary to be guilty of conspiracy under 21 U.S.C § 846. Once Petitioner joined the

conspiracy in April of 2008, Petitioner would be liable for any foreseeable actions taken by his co-conspirators regardless of the extent of his own overt actions. *Id.*

Petitioner's second assertion is that the Government lacked sufficient evidence to convict him of the amount of drugs to which he pled guilty. In the Statement of Facts in the Plea Agreement and under oath in oral testimony,[2] Petitioner pled guilty to a conspiracy to distribute and possess with intent to distrbute five (5) kilograms or more of cocaine and one thousand (1,000) kilograms or more of marijuana.  He further admitted that it was foreseeable that between five (5) and fifteen (15) kilograms of cocaine and one thousand (1,000) to three thousand (3,000) kilograms of marijuana would be possessed with the intent to distribute.  The Supreme Court has held that the guilty plea and the findings made during a plea hearing "carry a strong presumption of verity . . . [and t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The Fourth Circuit determined in *Fields* that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." 956 F. 2d at 1299.  Petitioner gave a voluntary and reasoned guilty plea before the Court,[3] and there is no convincing evidence to negate these representations of guilt.  Petitioner would be liable for those drug amounts with which he was personally involved, and any amount of drugs that was "reasonably foreseeable" to Petitioner through his involvement in the conspiracy. *See United States v. Irvin*, 2 F.3d 72, 75

---

[2] During his rearraignment hearing, the Government read the statement of facts as set forth in the Plea Agreement.  This Court then asked Petitioner, "[I]s that an accurate summary of the facts in the case as summarized by [the Government]?" and Petitioner responded, "Yes, Your Honor." Hr'g Tr., Sep. 22, 2011, ECF No. 197. The Court then asked, "Did you in fact commit the crime as summarized by the government?" and Petitioner again responded, "Yes, Your Honor." *Id.*

[3] During his rearraignment hearing, this Court asked Petitioner, "Are you pleading guilty of your own freely because you are in fact guilty," and Petitioner responded, "Yes, Your Honor." H'rg Tr., Sept. 22, 2011, ECF No. 203.

(4th Cir. 1993) (applying *Pinkerton* principles to drug conspiracy cases). The government was ready to provide ample evidence regarding the amount of drugs with which Petitioner was directly involved had the case gone forward with trial.[4] Thus, Petitioner's far-reaching claims of lack of evidence are inconsequential to the outcome of this case because he admitted guilt and at the time of the plea, the government was ready to prove his guilt at trial. By not raising these issues, Counsel made no error and Petitioner was not deprived of a fair trial.

In sum, Petitioner fails both prongs of the *Strickland* test. There was ample evidence against him, and he cannot show a "reasonable probability" that he would have gone to trial. Furthermore, a 28 U.S.C § 2255 claim is not the appropriate avenue to make substantive legal challenges to a conviction.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 204) pursuant to 28 U.S.C. § 2255 is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court

---

[4] In their Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, the Government referenced the copious amount of evidence they would have presented at trial: (1) "[t]he government would have produced a dozen witnesses who received large amounts of cocaine (in the form of kilogram bricks) and marijuana (20 pounds at a time for an extended period of time)" (2) "the government would have shown that the petitioner opened a bank account for the sole purpose of transmitting drug proceeds," and (3) the government would have shown "$170,170 in cash being deposited in one location and then withdrawn in another, all through . . . [P]etitioner's bank account"

denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 4, 2014

                                                  /s/

                                          Richard D. Bennett
                                          United States District Judge